**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gary VAN WYHE, Defendant–Appellant.**

**No. 91–2591.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 26, 1992.

Decided June 22, 1992.

As Amended June 24, 1992.

Kaarina Salovaara, Office of the U.S. Atty., Crim. Div., argued and Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

James F. Sullivan, Chicago, Ill., argued, for defendant-appellant.

Before FLAUM and KANNE, Circuit Judges, and SHABAZ, District Judge.*

* The Honorable John C. Shabaz, District Judge for the Western District of Wisconsin, is sitting by designation.

KANNE, Circuit Judge.

This appeal revolves around the testimony of an indicted co-conspirator and convicted felon, the appellant's bird collection and the government's transgression in closing argument. But first a review of the facts.

In May 1990, Keith Larimer, a convicted felon who had agreed to cooperate with the government in its investigation of drug dealers, was instructed to contact Michael Donegan, a co-defendant of appellant Gary Van Wyhe, about purchasing a kilogram of cocaine. Larimer and Donegan had several conversations about the purchase from May through July 1990, some of which were tape-recorded. Larimer told Donegan that he and a partner had enough money to buy the cocaine. On one occasion, Larimer accompanied Donegan to a bar to meet Donegan's supplier. Donegan and his supplier discussed the deal alone, and Larimer was not introduced to the man. Donegan subsequently told Larimer that he would have to wait for the cocaine, that the price of the kilogram would be $33,000 and that an additional $2,000 should be paid to him.

On July 5, Larimer and his "partner," undercover DEA Agent Kirk Meyer, met with Donegan at the bar to discuss the deal. Larimer told Donegan that Agent Meyer was interested in purchasing a kilogram of cocaine every week or so, and Donegan responded that he thought his supplier would agree to do that business. After making a telephone call, Donegan asked Larimer to accompany him to his supplier's home; Agent Meyer was told to wait at the bar. When they arrived at the home, Donegan introduced Larimer to Van Wyhe, the man with whom Donegan had met during Larimer's prior visit to the bar. Donegan had previously told Larimer that

his supplier raised exotic tropical birds, and Larimer observed birds all through the home. The deal was postponed because Van Wyhe did not have the cocaine. On their drive back to the bar, Donegan told Larimer that it was good that he had met his source for the cocaine, and he subsequently repeated the comment to Agent Meyer.

On July 16, Donegan bought an ounce of cocaine from Van Wyhe, and told Van Wyhe that he needed another ounce for the next day. On July 17, Donegan offered to sell Larimer one ounce of cocaine. Agent Meyer met with Donegan at the bar and purchased the cocaine. Donegan gave the money to a man and instructed him to give it to Van Wyhe. Van Wyhe later confirmed that he had received the money.

On July 30, Larimer and Agent Meyer met with Donegan at the bar to purchase one-half kilogram of cocaine. Donegan had convinced Larimer to buy the cocaine in two transactions. The next half would be supplied several days later. While they waited for the cocaine, Agent Meyer left to answer a page and Donegan asked Larimer about the agent's identity. Donegan became suspicious and left the bar. When he returned, Larimer told Donegan to call him about the cocaine.[1]

Donegan and Van Wyhe were subsequently arrested. Upon searching Van Wyhe's home, law enforcement officers observed exotic birds throughout the home and a triple beam scale was found in the kitchen. No cocaine or cocaine residue was found in the home or on the scale.

Van Wyhe was found guilty by a jury of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Van Wyhe appeals and we affirm.[2]

---

1. The meetings on July 5, 17 and 30 tape-recorded. However, the recordings were inaudible due to transmission problems.

2. *Our jurisdiction to hear the merits of this case* is somewhat complicated. Although Van Wyhe filed motions for acquittal and for a new trial before a final judgment was entered, the district judge did not rule on the motions prior to sentencing Van Wyhe. When Van Wyhe filed a motion in the district court seeking a ruling on

his "pending" motions, the district judge acknowledged that an inadvertent error had been made and denied the motions. Van Wyhe has moved this court to consolidate his appeals of his conviction 91–2591 and the denial of his motions for acquittal and for a new trial (No. 92–1365). The appellant's motion to consolidate is granted. We have jurisdiction to hear both appeals because a final order was entered, *see United States v. Hocking*, 841 F.2d 735, 736 (7th Cir.1988) (sentence is the judgment in a crimi-

## I.

Van Wyhe argues that the evidence is insufficient to support his conviction. In challenging the sufficiency of the evidence, Van Wyhe has a substantial burden. We will uphold the conviction if the evidence, when viewed in the light most favorable to the government, establishes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Fozo*, 904 F.2d 1166, 1169 (7th Cir.1990). We will not reweigh the evidence or judge the credibility of witnesses, *United States v. Johnston*, 876 F.2d 589, 593 (7th Cir.), *cert. denied*, 493 U.S. 953, 110 S.Ct. 364, 107 L.Ed.2d 350 (1989), and all reasonable inferences must be drawn in favor of the verdict. *United States v. Douglas*, 874 F.2d 1145, 1151 (7th Cir.), *cert. denied*, 493 U.S. 841, 110 S.Ct. 126, 107 L.Ed.2d 87 (1989).

At trial, the government called Donegan, who had agreed to testify as part of his plea agreement, Larimer, Agent Meyer, and two other DEA agents. The agents testified with regard to their surveillance of the events which occurred in July 1990 and about their search of Van Wyhe's home. Donegan, Larimer and Agent Meyer testified about their meetings and conversations with Van Wyhe. The government also introduced into evidence the transcripts of tape-recorded conversations between Larimer and Donegan, and telephone records showing calls made between Van Wyhe's home, Donegan's home, Larimer and the bar.

Van Wyhe contends that the government's case rested almost entirely on the testimony of Donegan, an indicted co-conspirator and convicted felon, who sought a lesser sentence by concocting a story about him. He argues that Donegan's testimony about his (Van Wyhe's) involvement in the conspiracy to sell cocaine was not believable, and that Donegan

also testified about having received cocaine from two other men. This court's role is quite limited when the credibility of a witness is at issue. *United States v. Dunigan*, 884 F.2d 1010, 1013 (7th Cir.1989). The credibility of a witness is a matter inherently within the province of the trier of fact, and "absent extraordinary circumstances," we will not reevaluate the testimony of a witness to determine his motives or other possible measures of reliability. *Id.* (citing *United States v. Garner*, 837 F.2d 1404, 1423 (7th Cir.1987)).

"When a conviction rests solely upon the uncorroborated testimony of an accomplice, we will uphold the verdict unless the accomplice's testimony is incredible as a matter of law." *Id.* To be incredible as a matter of law, the witness's testimony must be unbelievable on its face. *Id.* "In other words, it must have been either physically impossible for the witness to observe that which he claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all." *Id.;* *United States v. Balzano*, 916 F.2d 1273, 1286 (7th Cir.1990). Donegan's testimony was not incredible as a matter of law.

The jury was fully apprised of Donegan's criminal background and character, including his plea agreement and the extent of his cooperation with the government. His motives and credibility were for the jury to consider. *See United States v. Jackson*, 935 F.2d 832, 843 (7th Cir.1991) (jury considers a witness's checkered past and biases and decides he is credible when it chooses to convict); *United States v. Beverly*, 913 F.2d 337, 358 (7th Cir.1990) (reviewing court will not disturb a jury's credibility findings even when the evidence at trial is uncorroborated), *cert. denied*, — U.S. ——, 111 S.Ct. 766, 112 L.Ed.2d 786 (1991). Evidence that Donegan received cocaine from two other men beside Van Wyhe was also for the jury to consider. *See United States v. Sophie*, 900 F.2d 1064, 1079 (7th Cir.) (inconsistencies are for the jury), *cert.*

---

nal case), and the presentencing motions were, in effect, denied by the district court's judgment

and commitment order.

**532**

■ In attacking Donegan's credibility, Van Wyhe ignores substantial evidence at trial, including the testimony of other witnesses, the tape recordings and the telephone records which corroborate Donegan's testimony and independently establish Van Wyhe's guilt.[3] On appeal, Van Wyhe presents several hypotheses of innocence; however, the evidence need not exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt. *United States v. Townsend,* 924 F.2d 1385, 1389 (7th Cir.1991). The evidence is sufficient to support Van Wyhe's conviction.

## II.

■ Van Wyhe contends that the district court committed reversible error in refusing to admit into evidence Defendant's Exhibit 4, the book *"The Gray Parrot"* by Wolfgang DeGrahl, which included a photograph of a bird being weighed on a triple beam scale. In reviewing the district court's evidentiary rulings, we are properly limited to determining whether the district court abused its discretion. *United States v. Lennartz,* 948 F.2d 363, 366 (7th Cir. 1991); *United States v. Whalen,* 940 F.2d 1027, 1032 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 403, 116 L.Ed.2d 352 (1991). Such an abuse occurs only where no reasonable person could take the view adopted by the district court. *United States v. Manos,* 848 F.2d 1427, 1429 (7th Cir.1988).

At trial, a DEA agent described the triple beam scale recovered from Van Wyhe's home as the type of scale most commonly used in cocaine trafficking and distribution. During cross-examination of the agent, Van Wyhe's counsel showed the agent the photograph in the book. The district court sustained the government's objection finding that there had been no authentication or foundation for the admission of the exhibit, but allowed Van Wyhe's counsel to ask the agent several questions about the book to attempt to lay the foundation. The agent testified that he was not familiar with the book and that the photograph did not depict any violation of the drug laws. Van Wyhe called no witnesses concerning the book.

The government objected when Van Wyhe later offered the book into evidence. The district court found that Van Wyhe had failed to lay a proper foundation for the book and refused to admit it into evidence. The court also stated that the photograph was cumulative because the agent had testified about the legitimate use of the scale as shown in the photograph,[4] and that it was not relevant because Van Wyhe had made no showing that he had used the scale in the same manner. Van Wyhe was required to call a witness who had experience in the area of bird breeding or who otherwise had knowledge of the book or photograph. Fed.R.Evid. 901(a). *See United States v. Abayomi,* 820 F.2d 902, 908 (7th Cir.), *cert. denied,* 484 U.S. 866, 108 S.Ct. 189, 98 L.Ed.2d 142 (1987) (no abuse of discretion in excluding photographs where no foundation was established). In addition, Van Wyhe does not seriously challenge the district court's determination that no foundation was laid for admission of the photograph or that it was cumulative; he merely contends that the photograph was relevant to this case, under Federal Rule of Evidence 401, because it shows a lawful use of the scale.

■ The district court did not abuse its discretion in refusing the admission of Defendant's Exhibit 4.[5] In any event, any

---

3. The government presented direct and circumstantial evidence of Van Wyhe's involvement in the conspiracy; therefore, Van Wyhe's argument that the government's case was purely circumstantial has no merit. In any event, circumstantial evidence, by itself, is sufficient to support a conviction. *Jackson,* 935 F.2d at 843; *Beverly,* 913 F.2d at 358.

4. Donegan testified that he thought that Van Wyhe had equipment, i.e., scales, for measuring bird food.

5. Van Wyhe's reliance on *United States v. Stearns,* 550 F.2d 1167 (9th Cir.1977) is misplaced. In *Stearns,* the court held that a photograph was admissible where it was authenticated by other evidence. *Id.* at 1171. Here, the

error was harmless because substantial evidence was admitted to support Van Wyhe's involvement in the conspiracy to distribute cocaine. *Whalen*, 940 F.2d at 1032; FED. R.CRIM.P. 52(a).

### III.

■■■ Van Wyhe also maintains that a comment made by the prosecutor during closing argument was based on facts not in evidence and therefore denied him a fair trial. *See United States v. Perez–Leon,* 757 F.2d 866, 875 (7th Cir.) (closing argument is limited to facts in evidence), *cert. denied,* 474 U.S. 831, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985). Van Wyhe takes issue with the prosecutor's statement that: "But this man, ladies and gentlemen, the defendant, deals cocaine, as the evidence proves, and this man, Gary Van Wyhe, is going to go out and deal more cocaine—." Van Wyhe asserts that this comment created an inference that the prosecutor had special knowledge that the jury did not have.

■■■ In reviewing a claim of prosecutorial misconduct, we first examine the challenged remark in isolation to determine whether it was improper. *United States v. Spivey,* 859 F.2d 461, 465 (7th Cir.1988). If the court concludes that the remark was improper, it is evaluated in light of the entire record to determine whether it deprived the defendant of a fair trial. *Id.; United States v. Gonzalez,* 933 F.2d 417, 430 (7th Cir.1991). We must also consider whether a curative instruction was given and whether there is substantial or overwhelming evidence of the defendant's guilt. *Gonzalez,* 933 F.2d at 431–32; *United States v. Pirovolos,* 844 F.2d 415, 427 (7th Cir.), *cert. denied,* 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988). "[S]trong evidence of guilt 'eliminates any lingering doubt that the prosecutor's remark unfairly prejudiced the jury's deliberation.' " *Id.* (quoting *United States v. Young,* 470 U.S.

1, 19, 105 S.Ct. 1038, 1048, 84 L.Ed.2d 1 (1985)).

Van Wyhe's objection to the prosecutor's statement was sustained, and the district court immediately admonished the jury to disregard the argument. In addition, the jury was instructed that the arguments of counsel were not evidence and that the government had the burden of proving that Van Wyhe committed the charged offense. After the jury was instructed, Van Wyhe moved for a mistrial. In denying the motion, the district judge stated that although he did not believe that it was fair to infer that someone who has dealt drugs in the past would deal drugs in the future, especially where no cocaine was found in Van Wyhe's home, he believed that the jurors would follow the instructions.

■■■ The district court judge has broad discretion in determining when a cautionary instruction, as opposed to a mistrial, can prevent any possible prejudice. *United States v. McClellan,* 868 F.2d 210, 216–17 (7th Cir.1989). The district judge is in the best position to make this determination in the context of the entire trial. *Id.* It is presumed that the jury will follow an instruction to disregard inadmissible evidence unless there is an "overwhelming probability" that the jury will be unable to follow the court's instruction and a strong likelihood that the effect of the evidence would be "devastating" to the defendant. *Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 3109 n. 8, 97 L.Ed.2d 618 (1987); *McClellan,* 868 F.2d at 217.

While we do not condone the prosecutor's remark, we believe that the district court's admonition to the jury was sufficient to overcome any prejudicial effect. Any error was harmless considering that the jurors were subsequently instructed that the arguments of counsel should not be considered as evidence and that the government had the burden of proof. *See United States v. Record,* 873 F.2d 1363,

district court found that the photograph at issue was not relevant to this case and that other evidence was insufficient to authenticate it. Moreover, as the government notes, Van Wyhe did not argue that the photograph was self-authenticating before the district court and

therefore the argument was waived. *United States v. Felton,* 908 F.2d 186, 188 (7th Cir.1990). As we have found, the photograph was properly excluded, therefore there was no plain error. *Id.;* FED.R.CRIM.P. 52(b).

**534**

1376–77 (10th Cir.1989) (similar indirect and nonthreatening remark was found to be harmless error); FED.R.CRIM.P. 52(a). Moreover, as we have found, the evidence is sufficient to support Van Wyhe's conviction; therefore, the prosecutor's statement did not deprive him of a fair trial. The district court properly denied Van Wyhe's motion for a mistrial.

The judgment of the district court is AFFIRMED.