985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES, Plaintiff/Appellee,
v.
Michael B. WATTS, Defendant/Appellant.
 No. 92-2067.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.*
Decided Jan. 12, 1993.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 A jury found Michael Watts guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession of a stolen firearm in violation of 18 U.S.C. § 922(j). In a pretrial motion, Watts moved to suppress evidence, claiming that a search was conducted as a result of an illegal arrest. After an evidentiary hearing, the court denied Watts' motion. Watts appeals the denial of the motion to suppress. He also challenges the sufficiency of the evidence regarding his knowing possession of the firearms. We affirm.
 
 Background
 
 2
 Detective Kelly Oliver was on patrol on Interstate 64, east of Fairview Heights, Illinois. At 1:18 p.m. he heard an ISPERN broadcast from the Illinois State Police that a truck driver had reported a maroon Plymouth Duster driven by an African-American male with a handgun in his lap. Oliver then pulled over to observe westbound traffic. At 1:34 p.m. a truck stopped on the shoulder and the driver walked across the highway, identifying himself to Oliver as the person who had reported the driver with the gun. He told Oliver that he had seen the car and driver at the 23 mile marker with the hood up.
 
 
 3
 Oliver called his dispatcher with the new information and went to the 23 mile marker where he saw an African-American male under the hood of a maroon Duster. The license plate number matched that which was announced over the ISPERN broadcast. When Oliver approached the car and identified himself, the man (later identified as Watts) reached for the car door. Oliver drew his weapon and ordered Watts to the ground. Watts complied with the order. Shiloh Police Chief Glasscock arrived, and Watts was frisked, handcuffed and led away from the car. The officers placed him in the back seat of the Shiloh Police car.
 
 
 4
 The officers returned to the car and from the outside noticed a lump, three to four inches high, under the rug which was serving as a floor mat. Oliver opened the car door, lifted the rug and found two fully loaded handguns, a .22 caliber snub nose Smith and Wesson 347, and a five shot .38 caliber revolver.
 
 
 5
 A check on the guns through NCIC revealed that both were reported stolen. A criminal history check on Watts revealed that he had a felony arrest in Mississippi, and is a convicted felon currently on parole in Missouri.
 
 
 6
 Watts moved for suppression of the guns, claiming that the officers searched the car without the requisite probable cause. After a hearing on the motion, the district court denied the motion to suppress. Watts was subsequently found guilty by a jury of possession of firearms by a convicted felon and possession of stolen firearms.
 
 DISCUSSION
 
 7
 Watts makes two arguments on appeal. First he argues that the district court erred in denying his motion to suppress. Second he argues that there was not sufficient evidence presented at trial to prove beyond a reasonable doubt that Watts knew that the guns were in the car.
 
 
 8
 The district court found that Detective Oliver had made an authorized Terry stop. Terry v. Ohio, 392 U.S. 1 (1968). Officers may make investigative stops of suspects as long as they can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." United States v. Nafzger, 974 F.2d 906, 910 (7th Cir.1992) (citing Terry v. Ohio, 392 U.S. 1, 21 (1968)). The court must look at the totality of the circumstances in determining whether the information possessed by the officer provided a sufficient basis for an investigatory stop. See Alabama v. White, 496 U.S. 325, 329-330 (1990).
 
 
 9
 Detective Oliver had heard the announcement over the ISPERN broadcast that a truck driver had seen a maroon Duster carrying a man with a firearm in his lap and then was approached by the same truck driver with information about the car's location. An officer who has reason to think an informant had firsthand knowledge and was reliable has reasonable grounds on which to act. See Gramenos v. Jewel Cos., Inc., 797 F.2d 432, 439-40 (7th Cir.1986), cert. denied, 481 U.S. 1028 (1977). Oliver found the car, with the same license plate as specified over the ISPERN broadcast, in the location specified by the truck driver. When Oliver identified himself, Watts reached for the door. These specific events, taken together with rational inferences, were sufficient for Oliver to have a reasonable suspicion that Watts was involved in criminal activity. Nafzger, 974 F.2d 906.
 
 
 10
 Watts challenges the scope of the Terry stop. Our cases have not drawn a bright line separating a Terry stop from an arrest, United States v. Randall, 947 F.2d 1314 (7th Cir.1991), but we have determined that officers may hold a suspect at gunpoint and place a suspect in handcuffs, United States v. Glenna, 878 F.2d 967 (7th Cir.1991). Officers may also, in appropriate circumstances, block a suspect's vehicle, order a suspect to lie on the ground, and detain a suspect for extended periods while the police check for outstanding warrants. United States v. Lechuga, 925 F.2d 1035 (7th Cir.1991).
 
 
 11
 A vehicle may be searched incident to an investigatory stop if the officer believes that "the suspect is dangerous and the suspect may gain immediate control of weapons." Michigan v. Long, 463 U.S. 1032, 1049 (1983). In United States v. Nash, 876 F.2d 1359 (7th Cir.1989), cert. denied, 110 S.Ct. 1145 (1990), we held that a defendant's "furtive gesture" led to a reasonable interpretation that the defendant was hiding a gun; the search of the car was justified. In United States v. Holifield, 956 F.2d 665 (7th Cir.1992), we held that the search of the interior of a car, including the search of a locked glove compartment, was valid where the officers were expecting the passengers to re-enter the car.
 
 
 12
 In this case, Detective Kelly had reason to believe that Watts had been carrying a firearm while driving. This was based on the statements by the truck driver and combined with his having found the Duster with the same license plate where expected. Oliver saw Watts reach for the door when he identified himself and did not find a firearm on Watts' person. If the officers had instead allowed Watts to return to his car, he could have then reached for a firearm which may have been in the vicinity of the driver's seat.
 
 
 13
 Watts also argues that the evidence was insufficient as to whether he knowingly possessed the firearms. We will affirm a conviction if the evidence, when viewed in a light most favorable to the government, establishes that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Van Wyhe, 965 F.2d 528, 531 (7th Cir.1992). We do not reweigh the evidence or judge the credibility of the witnesses. Van Wyhe, 965 F.2d at 531. We have reviewed the record and find that a reasonable jury could have found that Watts had knowingly possessed the guns beyond a reasonable doubt.
 
 
 14
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs