996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ernesto HERRERA, Defendant/Appellant.
 No. 92-3655.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1993.*
Decided June 16, 1993.
 
 Before CUMMINGS, COFFEY, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Ernesto Herrera on three counts of an indictment stemming from his involvement in a drug-dealing outfit. Based on his finding that Herrera was involved in dealing between thirty and fifty kilograms of cocaine, the judge sentenced him to 180 months' imprisonment. On appeal Herrera contests the judge's finding. Specifically, he claims that the finding of responsibility for thirty to fifty kilos was wrong because the judge based his decision on the testimony of a witness, Deborah Hamelin, who was unbelievable.
 
 
 2
 A conspirator may be held accountable at sentencing for all the cocaine dealt that he knew about, and the amount of cocaine dealt that was reasonably foreseeable to him. U.S.S.G. § 2D1.4; United States v. Edwards, 945 F.2d 1387. (7th Cir.1991). We review for clear error the district court's decision on the quantity of cocaine for which Herrera was responsible. United States v. Buggs, 904 F.2d 1070, 1078 (1990). Judging the credibility of witnesses for sentencing purposes is the responsibility of the factfinder; therefore, decisions based on the credibility of witnesses must stand unless "extraordinary circumstances" attend the case. United States v. Van Wyhe, 965 F.2d 528, 531 (7th Cir.1992). Such circumstances may arise when it was "either physically impossible for the witness to observe that which he claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all." Id. (quoting United States v. Dunigan, 884 F.2d 1010, 1013 (7th Cir.1989)).
 
 
 3
 Herrera claims that the judge should not have based his decision on Hamelin's testimony because she was mentally impaired due to her severe addiction to drugs, she was motivated to testify by a desire for revenge against Herrera, and she was a rogue. These are the same arguments Herrera made at sentencing to Judge Stadtmueller, who had the opportunity to assess Hamelin's testimony while she was on the stand. The judge determined that Hamelin's testimony--particularly when taken with the other evidence in the case--had enough credibility to support his finding that Herrera was involved in dealing thirty to fifty kilos of cocaine. The problems in Hamelin's testimony that Herrera points to are not what we consider "extraordinary circumstances." The court's finding was not clear error.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs