9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Michael G. PARKER, Defendant/Appellant.
 No. 92-2612.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 18, 1993.
Rehearing Denied Dec. 15, 1993.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 A jury convicted Michael Parker of knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. Sec. 922(g)(1). Parker appeals his conviction, arguing that the evidence, which included testimony by several police officers regarding the chase and arrest of the defendant was insufficient to support the conviction.
 
 
 2
 We will affirm a conviction if the evidence, when viewed in a light most favorable to the government, establishes that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Van Wyhe, 965 F.2d 528, 531 (7th Cir.1992). This court will defer to all reasonable inferences drawn by the jury and the weight given to the evidence. United States v. Caudill, 915 F.2d 294, 297 (7th Cir.1990). The single issue of appeal is whether Parker possessed a gun.
 
 
 3
 Three police officers, Gray, Jones, and Triche, testified that they pursued a man, later identified as Parker, who was carrying "a black shiny object" resembling a gun. Parker was arrested after he fell jumping over a fence. The gun was recovered from the ground near where Parker fell. Officer Gray, who chased and arrested Parker, testified that he never lost sight of Parker. The government also introduced into evidence a tape recording, which included Officer Gray's response to the dispatch call upon arriving at the scene, and his initial instructions to Parker upon arrest. Four minutes and twenty-seconds elapsed between the officer's response to the dispatch call and Parker's arrest. The officers also testified that Parker admitted to owning the gun. All three officers included this confession in their individual reports. However, Parker did not write his own confession or sign or review any written statements.
 
 
 4
 Phyllis Johnson testified that she observed Parker running, and subsequently being arrested from a prone position on the ground. After letting a friend in at the door, Ms. Johnson returned to the window to observe officers with flashlights in their hands who appeared to be "looking for something on the ground." At no point did Ms. Johnson observe a gun, either on the ground or in the possession of the defendant.
 
 
 5
 Parker contends that, with the tape definitively establishing the length of time of the chase, the officer's testimony is patently unbelievable. He argues that contrary to their testimony, the officers did not maintain visual contact of Parker throughout the chase. However, Parker essentially is disputing the credibility of the government's witnesses. While Parker raises plausible arguments and provides supporting testimony, this court will not reweigh the evidence or judge witness credibility. So long as some evidence from which the jury could find guilt beyond a reasonable doubt exists the verdict will stand. United States v. Teague, 956 F.2d 1427, 1433 (7th Cir.1992). Counsel for Parker has highlighted the weaknesses and apparent inconsistencies within the government's case. However, we conclude that the government has provided sufficient evidence for the jury to find Parker guilty beyond a reasonable doubt.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Parker has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs