16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nelson RIVAS and Cristobal Rosas, Defendants-Appellants.
 Nos. 92-3330, 92-3786.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 28, 1993.
Decided Feb. 7, 1994.
 
 1
 Before COFFEY and ROVNER, Circuit Judges, and WILL, District Judge.*
 
 ORDER
 
 2
 Nelson Rivas and Cristobal Rosas were charged by way of indictment with conspiracy to possess with intent to distribute cocaine. Rivas was also charged with possession of cocaine with intent to distribute, being a felon in possession of a firearm, and carrying and using a firearm during a drug trafficking offense. Two weeks before their trial, the government filed an information in accordance with 21 U.S.C. Sec. 851(a)(1) alleging that, if convicted, both defendants would qualify for the enhanced penalties set out in 21 U.S.C. Sec. 841(b) due to their prior felony drug trafficking convictions. A jury found both defendants guilty on all counts. Rivas was sentenced to life in prison on the conspiracy counts, thirty years to run concurrently on the possession count, ten years to run concurrently on the felon in possession count, and five years to run consecutively on the firearm count. Rosas was sentenced to twenty years of incarceration.
 
 
 3
 On appeal, Rivas seeks reversal of his conviction on all four counts, arguing that the evidence was insufficient to support the jury's verdict. He also objects to the penalty enhancement. Rosas seeks vacation of his sentence, asserting that he was denied his right of allocution.
 
 I. Background
 
 4
 The trial evidence revealed that Rivas and Rosas had made several trips together between Miami and Milwaukee, sometimes via Little Rock, Arkansas, transporting kilogram loads of cocaine on each trip. The drugs were distributed in Little Rock and Milwaukee by various individuals who either were or later became government informants. Several witnesses testified that they had seen Rivas and Rosas together at Milwaukee's North Shore Inn with various quantities of cocaine, sometimes as much as three kilograms. Other witnesses recalled negotiating drug deals with the two at the same location.
 
 
 5
 On October 2, 1991, federal agents received a tip from an informant that Rivas, who was wanted on the conspiracy charge, could be found at a Milwaukee apartment. When the agents arrived, Rivas answered the door but attempted to close it after realizing who they were. The agents entered the apartment and arrested Rivas, who wore only a towel. Pursuant to a search warrant, the agents found nearly a kilogram of cocaine, cutting agent, two scales, a loaded .38 caliber revolver, and more than $60,000 cash in the apartment. Over $6,000 of the cash was later determined to be money that DEA agents had used to purchase cocaine through a confidential informant. The phone number of that informant was also found on a scrap of paper in the apartment. The apartment contained clothing and personal possessions belonging to Rivas, and, although leased in the name of a woman, did not contain any women's clothing.
 
 II. Sufficiency of the Evidence
 
 6
 Rivas first argues that the evidence was insufficient to support his conviction on all four counts. Rivas bears a heavy burden in attempting to overturn his conviction on this basis. In reviewing the evidence, we must draw all reasonable inferences in the government's favor, and we will reverse only if no rational jury could have found Rivas guilty beyond a reasonable doubt. United States v. Gutierrez, 978 F.2d 1463, 1468 (7th Cir.1992); United States v. Curry, 977 F.2d 1042, 1053 (7th Cir.1992), cert. denied, 113 S.Ct. 1357 (1993). We will not reweigh the evidence or reevaluate the credibility of the witnesses. United States v. Van Wyhe, 965 F.2d 528, 531 (7th Cir.1992).
 
 
 7
 Rivas argues that the evidence was insufficient to support his conspiracy conviction because it did not establish that he intentionally entered into an agreement with Rosas to commit the crimes. See, e.g., United States v. Lechuga, 994 F.2d 346 (7th Cir.) (en banc), cert. denied, 114 S.Ct. 482 (1993); United States v. Townsend, 924 F.2d 1385 (7th Cir.1991). Viewing the evidence in the light most favorable to the government, however, it is clear that Rivas' conviction was supported by sufficient evidence. In Townsend, we stated that "[i]f the prosecution presents enough circumstantial evidence to support, beyond a reasonable doubt, an inference that the defendants agreed among themselves to distribute drugs, a jury would be justified in convicting those defendants of conspiring together." 924 F.2d at 1390 (emphasis in original). In Lechuga, 994 F.2d at 350, we explained that prolonged cooperation could support the inference that defendants were working together to accomplish their criminal enterprise. Here, the evidence established that Rivas and Rosas worked hand in hand throughout the process of transporting and distributing the cocaine. That evidence was clearly sufficient to support the inference that the two had agreed to work together to accomplish the goal of cocaine distribution.
 
 
 8
 Rivas also argues that the government failed to prove that he possessed the cocaine and the firearm that formed the basis of Counts II, III and IV. He contends that although the evidence indicated that he had access to the cocaine and the firearm, it did not establish that he exercised dominion and control over them. Rivas' argument again fails. Acknowledging that the items were not on Rivas' person, the government relies on a theory of constructive possession. Conviction under that theory requires a showing of " 'ownership, dominion or control over the contraband itself or the premises or vehicle in which the contraband is concealed.... In other words, there must be some nexus between the accused and the prohibited substance.' " United States v. Galiffa, 734 F.2d 306, 316 (7th Cir.1984) (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir.1974)). At the same time, mere physical proximity to the objects does not suffice. United States v. Boykins, 9 F.3d 1278, 1283 (7th Cir.1993). We have held that possession and use of the key to a car in which cocaine was discovered suffices to establish constructive possession. United States v. Garrett, 903 F.2d 1105, 1110-12 (7th Cir.), cert. denied, 498 U.S. 905 (1990). We have also held that a defendant who registered for a hotel room, possessed the room key, and entered the bathroom in which cocaine was found constructively possessed that cocaine. United States v. Perlaza, 818 F.2d 1354, 1360 (7th Cir.), cert. denied, 484 U.S. 861 (1987).
 
 
 9
 Here, the evidence was clearly sufficient to establish that Rivas had dominion and control over the apartment and, therefore, over the contraband found therein. When the agents arrived, he answered the door dressed only in the aforementioned towel, indicating that he had just stepped out of the shower. No one else was present, and Rivas' clothing and personal items were in the apartment. At the same time, the apartment contained no women's items even though it was leased in the name of a woman. The government's special agent testified that drug traffickers commonly lease premises in the names of others to avoid detection. That evidence was sufficient to establish constructive possession under the law of this circuit.
 
 III. Penalty Enhancement
 
 10
 Rivas also objects to the district court's decision to enhance his penalty in accordance with 21 U.S.C. Sec. 841(b) because of his prior felony drug trafficking convictions. Rivas' argument is based on a theory of selective prosecution. He asserts that the government requested the enhancement only after he elected to stand trial rather than pleading guilty and cooperating in the government's investigation. But Rivas failed to make this argument before the district court. He did not object either when the information alleging eligibility for the enhancement was filed or at the time of sentencing.[1] He has therefore waived this issue.
 
 IV. Right of Allocution
 
 11
 Rosas raises only one issue on appeal. He argues that his sentence should be vacated because he was denied his right of allocution. Fed.R.Crim.P. 32(a)(1)(C) requires the district court to "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Rosas argues that the district court in this instance did not comply with that rule. But the transcript of Rosas' sentencing belies that assertion. Indeed, the district court addressed Rosas no less than three times regarding his opportunity to speak. The district judge engaged in this colloquy with Rosas, who spoke through an interpreter:
 
 
 12
 THE COURT: Do you have any comment, Mr. Rosas, as to the calculation of the guidelines realizing that that isn't what's going to govern in this case?[2]
 
 
 13
 [ROSAS:] No, Your Honor, no commentary to the guidelines, but I still persist that I am innocent of anything.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 THE COURT: Mr. Rosas, do you have any reason to advance why we should not go ahead and complete your case?
 
 
 17
 [ROSAS:] No, Your Honor.
 
 
 18
 THE COURT: Well, I am sure that Mr. Borda is going to make an extensive statement on your behalf, in just a minute. This is a serious case, I am sure you are aware of that, and this is the time that you have an opportunity to make any statement that you want to make about the case.
 
 
 19
 [ROSAS:] The only thing I have to say is that I am innocent.
 
 
 20
 (Oct. 26, 1992 Tr. at 13-14). Thus, the district court clearly did invite Rosas to speak. Rosas argues that the invitation was insufficient because the district court did not use the phrase "in mitigation of the sentence." But the court's invitation was clear and "neither Rule 32(a)(1)(C) nor any case law requires such a rigid procedural formula." United States v. Franklin, 902 F.2d 501, 507 (7th Cir.), cert. denied, 498 U.S. 906 (1990). The court therefore did not violate Fed.R.Crim.P. 32(a)(1)(C).
 
 V. Conclusion
 
 21
 The appellants have raised no meritorious claims on appeal. Rivas' conviction and both defendants' sentences are affirmed.
 
 
 
 *
 The Honorable Hubert L. Will of the Northern District of Illinois, sitting by designation
 
 
 [1]
 At oral argument, Rivas' counsel, who also represented Rivas at trial, suggested that he may have "inarticulately" raised the argument during Rivas' sentencing. The portion of the transcript to which he referred us, however, reflects only an argument that life sentences were undesirable as a matter of policy. See Sept. 24, 1992 Tr. at 24-31. Indeed, Rivas' attorney seemed to concede that the sentence was correct when he stated, "I don't think that the court has any discretion here" (id. at 30), and "I think that the sentence, mandatory sentence here, is really inappropriate, although it's apparently without discretion" (id. at 31)
 
 
 [2]
 [Footnote by this court] Rosas was sentenced under the enhanced penalty provisions of 21 U.S.C. Sec. 841(b)(1)(A)