19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodick L. FIGERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel HARRIS, Defendant-Appellant.
 Nos. 93-1403, 93-2122.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.*
Decided March 10, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Rodick L. Figers was convicted following a jury trial of possession of crack cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Samuel Harris was convicted following a jury trial[1] of conspiracy to distribute and possess crack cocaine with intent to distribute, 21 U.S.C. Secs. 841(a)(1) and 846; possession of crack cocaine with intent to distribute, 21 U.S.C. Secs. 841(a)(1) and (2); and possession of a firearm during and in relation to drug trafficking crimes, 18 U.S.C. Sec. 924(c)(1). We affirm the convictions of both Figers and Harris.
 
 United States v. Figers
 
 2
 Figers' sole argument on appeal is that the district court permitted the prosecution to constructively amend Count I of the superseding indictment in violation of his right under the Fifth Amendment to be tried on the indictment returned by the grand jury.[2] During a preliminary pretrial conference, a magistrate judge granted the prosecution's motion to change the date referred to in Count I from "on or July 6, 1992" to "on or about July 6, 1992." Figers' attorney did not object to this modification, and in fact stated that "[i]t was my understanding that that's what the count read."
 
 
 3
 The sole source of our authority to consider Figers' argument is Fed.R.Crim.P. 52(b): "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Under Rule 52(b), "[d]eviation from a legal rule is 'error' unless the rule has been waived." United States v. Olano, 113 S.Ct. 1770, 1777 (1993). Waiver is the "intentional relinquishment or abandonment of a known right." Id. (citation omitted). Figers clearly waived any right under the Grand Jury Clause through his attorney's statement that "[i]t was my understanding that that's what the count read." The modification to Count I of the superseding indictment thus is not "error" under Rule 52(b), and therefore Figers' argument fails. Id.; see also United States v. Seacott, No. 91-3724, slip op. at 18-20 (7th Cir. Feb. 7, 1994) (Easterbrook, J. concurring).
 
 United States v. Harris
 A. Motion to Suppress
 
 4
 Harris challenges the district court's denial of his motion to suppress any evidence obtained as a result of his arrest on the ground that the arrest was unlawful. "We review a district court's factual and legal determinations on a motion to suppress for clear error." United States v. Kelly, 991 F.2d 1308, 1311 (7th Cir.1993) (citing United States v. Spears, 965 F.2d 262, 271, 277 (7th Cir.), cert. denied, 113 S.Ct. 502 (1992)). A finding is clearly erroneous when, although there may be some evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 573 (1985).
 
 
 5
 Our review of the record reveals that, under Alabama v. White, 496 U.S. 325 (1990), the district court's conclusion that Detective John Markley of the Beloit Police Department had reasonable suspicion to justify the investigatory stop of Harris' car is not clearly erroneous. The district court's conclusions that, under the totality of the circumstances, the police had probable cause to search the speaker in the trunk of Harris' car and Markley had probable cause to arrest Harris also are not clearly erroneous.
 
 B. Sufficiency of the Evidence
 
 6
 Harris' final argument is a challenge to the sufficiency of the evidence supporting his conviction for participation in a conspiracy to distribute and possess crack cocaine with intent to distribute. In reviewing the sufficiency of the evidence presented at trial, we view the evidence in the light most favorable to the prosecution and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The verdict of a jury must be sustained if there was substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "In conducting the review, '[w]e will not reweigh the evidence or judge the credibility of witnesses,' " which is the function of the jury, not an appellate court. United States v. Campbell, 985 F.2d 341, 344 (7th Cir.1993) (quoting United States v. Van Wyhe, 965 F.2d 528, 531 (7th Cir.1992)). Harris thus has a "heavy burden" in requesting that his conviction be overturned because it was supported by insufficient evidence. Campbell, 985 F.2d at 344.
 
 
 7
 Sufficient evidence of a conspiracy to distribute requires "proof of an agreement to commit a crime other than the crime that consists of the sale itself." Lechuga, 994 F.2d at 347. "[T]here must be facts in evidence in addition to a sale for resale from which proof of a conspiracy to distribute can be inferred." United States v. Baker, 1 F.3d 596, 597 (7th Cir.), cert. denied, 114 S.Ct. 412 (1993).
 
 
 8
 Several such facts are present here. The thirty-four grams of crack cocaine (which, Markley testified, was too large a quantity for personal use), the packaging materials, and the revolver found in the trunk of the car owned by Harris are evidence of a conspiracy to distribute. Additional, and stronger evidence, was derived from Harris' oral statements to Markley subsequent to his arrest. Harris admitted that he owned the car, that the crack cocaine in the car belonged to Harris and Figers, that Harris and Figers had driven from Chicago to Beloit approximately four times since March, 1992 to sell crack cocaine, that they sold the crack cocaine in quantities of between $10 and $20 and that approximately twenty-six grams of crack cocaine had been purchased by Harris and Figers for $650 from a man named "Chub" in Chicago. These admissions were corroborated in part by the testimony of government witnesses Merry O'Neill, Julie Wolfe, Larry Steell and Talley. O'Neill and Wolfe testified that Harris and Figers stayed at the hotels in Beloit at which O'Neill and Wolfe worked during the alleged time of the conspiracy, and always paid cash for the rooms. Steell testified that he sold five bags of crack cocaine for $20 each on behalf of Harris and Figers and that he paid them with the revolver found in the trunk of Harris' car. Talley testified that he saw Harris and Figers sell crack cocaine on several occasions in Beloit, and that Harris repeatedly asked Talley to sell crack cocaine for Harris. The evidence introduced by the prosecution was more than sufficient to support the conviction of Harris of participation in the conspiracy.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The judgment of conviction erroneously states that Harris pleaded guilty to these offenses
 
 
 [2]
 The Grand Jury Clause of the Fifth Amendment states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...." U.S. Const. amend. V