33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Nicholas VELASQUEZ, Defendant/Appellant.
 No. 93-1436.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 8, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge**.
 
 ORDER
 
 2
 A jury convicted Nicholas Velasquez of knowingly and intentionally possessing cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Velasquez to a term of thirty months' imprisonment to be followed by six years of supervised release. Velasquez appeals his conviction, arguing that the evidence was insufficient to sustain his conviction because he did not possess the cocaine or have the requisite intent to distribute a controlled substance. We affirm.
 
 
 3
 We will affirm a conviction if the evidence, when viewed in a light most favorable to the government, establishes that a rational trier of fact could have found the essential elements of the criminal offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Van Wyhe, 965 F.2d 528, 531 (7th Cir.1992). We defer to all reasonable inferences drawn by the jury. United States v. Caudill, 915 F.2d 294, 297 (7th Cir.1990). We will not reweigh the evidence or assess the credibility of the witnesses. Id.
 
 
 4
 Conviction under Sec. 841(a) requires proof of two elements: "(1) the knowing possession of cocaine, and (2) an intent to distribute it." United States v. Marin, 7 F.3d 679, 688 (7th Cir.1993), cert. denied, 114 S.Ct. 739 (1994). Velasquez contends that the Government did not prove that he possessed the cocaine because the government did not prove that he owned either the car in which the cocaine was found, or the car keys. Constructive possession of narcotics is sufficient to support a conviction under 21 U.S.C. Sec. 841(a). United States v. Garrett, 903 F.2d 1105, 1112 (7th Cir.), cert. denied, 498 U.S. 905 (1990). To establish constructive possession the government need only produce evidence demonstrating "ownership, dominion or control over the contraband." United States v. Moya-Gomez, 860 F.2d 706, 756 (7th Cir.1988) (quoting United States v. Galiffa, 734 F.2d 306, 316 (7th Cir.1984)), cert. denied, 492 U.S. 908 (1989).
 
 
 5
 At the time of his arrest, Velasquez was observed by Officer Christopher Becerra of the East Chicago Indiana Police Department, exiting a house and walking towards a vehicle. As Officer Becerra approached the house in a marked squad car, Velasquez turned around to return to the house. At that time, however, several other agents present at the house to execute an arrest warrant for another individual, began running towards the house. Velasquez returned to the car and started it up. Officer Becerra then pulled in front of the car so as to prevent Velasquez from pulling out and asked Velasquez to step out. Upon request, Velasquez gave Officer Becerra the keys and permission to search the car. Several boxes containing oil and aerosol cans were found in the trunk. Inspection of the aerosol cans revealed a false bottom to each can that screwed off like a jar lid. Inside one can was a plastic baggy containing 52.5 grams of cocaine and two dollar bills containing a combined weight of 1.288 grams of cocaine. In the interior of the vehicle were found miscellaneous papers that appeared to be records of drug transactions, beeper numbers and phone numbers. The papers contained the name Xavier Hernandez and listed dollar amounts ranging from $50 to in excess of $240,000.
 
 
 6
 Velasquez was interviewed two times at the East Chicago Police Department by Drug Enforcement Agent Victor Jasevicius. At both interviews, Velasquez identified himself as Xavier Hernandez. However, when confronted by Jasevicius with the fact that the DEA's computer linked the name Xavier Hernandez with the name Nicholas Velasquez, Velasquez confessed to the latter being his real name. In response to Jasevicius' questions, Velasquez stated that "GR" found on some of the papers in the automobile was "just something he had made up." (Tr. 74)
 
 
 7
 At trial, Fernando Alvarez testified that he owned a flower shop above which Velasquez lived. Alvarez knew Velasquez only as "Durango." Alvarez testified that prior to Velasquez's arrest, the two had participated in drug sales. (Tr. 12-13). He also testified that on a number of occasions, he had seen Velasquez carrying an under-arm deodorant aerosol can in the pocket of his jacket. (Tr. 18-19). From this testimony, the jury could easily have found that Velasquez had dominion and control over the cocaine concealed in the aerosol can, based on the similarity between the aerosol cans, the past dealings with Alvarez involving cocaine and the papers, which in Agent Jasevicius' expert opinion represented drug ledgers recording prior drug sales, "GR" referring to grams. (Tr. 73-76).
 
 
 8
 Although no evidence was presented to show that Velasquez actually owned the car from which the cocaine was seized, the evidence supports a jury finding that Velasquez controlled the car and the contraband contained in the trunk. See United States v. Rush, 890 F.2d 45, 49-51 (7th Cir.1989) (requiring proof of "actual control" not ownership). Velasquez had keys to the car, had started and driven the car and displayed control over the car at the time of the search. At the officer's request, Velasquez authorized Becerra to search the car and was able to identify which key opened the trunk of the car. Envelopes found inside the car had Velasquez's alias, Xavier Hernandez, on them. Additionally, officers also found in the car a ledger and business cards that Velasquez acknowledged were his. So long as some evidence from which the jury could find guilt beyond a reasonable doubt exists the verdict will stand. United States v. Teague, 956 F.2d 1427, 1433 (7th Cir.1992). We find this evidence sufficient for the jury to have found that Velasquez knew that he possessed cocaine in the aerosol can and that he exercised actual control over it.
 
 
 9
 Velasquez's also contends that there was insufficient evidence for the jury to find that he had the requisite intent to distribute cocaine. Velasquez refers this court to United States v. Franklin, 728 F.2d 994 (8th Cir.1984), in which the Eighth Circuit held that mere possession without other indicia of distribution is insufficient to sustain a conviction for possession with intent to distribute. Id., at 1000. Besides not binding this court, Franklin is distinguishable. Defendant-Franklin was found only to possess thirty-five grams of cocaine in his left sock. Here, in addition to the approximately 54 grams of cocaine found in Velasquez's possession, the officers found other indicia of distribution, such as the described drug ledgers and beeper and telephone numbers. Additionally, where drugs are found in small, packaged amounts the intent to distribute can be inferred. Garret, 903 F.2d at 1113. The cocaine found in Velasquez's possession included two subdivided portions of less than 1.288 grams wrapped in dollar bills. From this evidence, the testimony of Agent Jasevicius, and the testimony of Alvarez regarding Velasquez's prior drug distributions, the jury reasonably could have inferred that Velasquez possessed the cocaine with the intent to distribute it. See United States v. Lewis, 626 F.2d 940, 952 (D.C.Cir.1980) (prior history of selling drugs is evidence of an intent to distribute).
 
 
 10
 Accordingly, we find that sufficient evidence exists from which the jury could reasonably have found Velasquez guilty beyond a reasonable doubt on the charge of possession with the intent to distribute. The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 **
 The Honorable Robert A. Grant, Judge of the United States District Court for the Northern District of Indiana, is sitting by designation